IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18–cv–00804–MEH

VERNON RANDEL, individually and on the behalf of others similarly situated, and,
CHERYL RANDEL, individually and on the behalf of others similarly situated,

    Plaintiffs,

v.

PARKLAND HOMEOWNERS ASSOCIATION, INC., a Colorado nonprofit corporation,

    Defendant.

---

**ORDER**

---

This case arises out of a private airpark located near Erie, Colorado, where Plaintiffs are residents and members of Defendant Parkland Homeowners Association, Inc. (the "HOA"). Plaintiffs claim that the HOA failed to complete and file a particular form to alert the Federal Aviation Administration ("FAA") of changes to the airpark. Before the Court is Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), ECF No. 11. For the reasons that follow, I dismiss this case on Rule 12(b)(1) grounds.

**BACKGROUND**

**I.    Facts**

The following are factual allegations made by Plaintiffs in their Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(1) pursuant to *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). I include Plaintiffs' descriptions of the FAA and the regulations that govern it, even though those allegations are legal and not purely factual, to provide appropriate context.

Defendant, the HOA, is a Colorado corporation in good standing located in Erie, Colorado. Compl. ¶ 3, ECF No. 1. Plaintiffs Vernon Randel and Cheryl Randel live in Erie and are residents and members of the HOA. *Id.* ¶¶ 1, 2. The HOA is responsible for management and operation of common real property jointly owned by its members. *Id.* ¶ 3. A portion of the property is designated for use as a private airfield known as "Parkland Airport." *Id.* The houses are situated on a single runway, with each homeowner allowed to maintain a hangar that is accessed through a taxiway system. *Id.* ¶¶ 69–70.

The FAA is a subdivision of the United States Department of Transportation and was created by statute under 49 U.S.C. § 106. *Id.* ¶ 7. The FAA has the sole authority to develop plans and policies for the use of navigable airspace within the United States. *Id.* Under the rules promulgated by the FAA, an "airport" is defined as "an area of land or water that is used or intended to be used for the landing and takeoff of aircraft, and includes its buildings and facilities, if any." *Id.* ¶ 9 (quoting 14 C.F.R. § 1.1). FAA regulations require mandatory reporting for proposed construction and alteration to airports. *Id.* ¶¶ 11–12 (citing 14 C.F.R. § 157 ("Part 157")). Part 157 mandates that changes must be reported through a 5010-3 Form and a 7480-1 Form. *Id.* ¶¶ 16–17.

From 1972 to 1978, a developer known as Park Land Associates worked to establish a sport airpark with a single runaway in Erie. *Id.* ¶¶ 41–53. In 1972 and separately in 1976, Park Land Associates submitted 7480-1 Forms to the FAA to establish the Parkland Airport. *Id.* ¶¶ 42, 46. On March 2, 1978, the Articles of Incorporation for the HOA were executed, and on March 10 the documents were filed with the Colorado Secretary of State. *Id.* ¶ 56. On March 31, 1978, the same

incorporators adopted the By-Laws of the HOA. *Id.* ¶ 57. The HOA was authorized to collect member fees to manage and maintain the Parkland Airport. *Id.* ¶ 58.

In 1978, the HOA planned to alter the Parkland Airport to expand the runaway and use a dirt surface. *Id.* ¶¶ 61–63. A letter from the FAA requested that the HOA submit a new 7480-1 Form with all proposed alterations to the Parkland Airport that differed from the 1976 Form. *Id.* ¶ 66. Neither the FAA nor Plaintiffs have any record of a new 7480-1 Form being submitted after 1976. *Id.* ¶ 67. On December 5, 1978, the FAA issued a determination to the HOA approving the 1978 modifications and informed the HOA that the FAA had performed an aeronautical study for the new proposed features of Parkland Airport; the determination also included recommendations for mitigating existing obstacles and approach vectors. *Id.* ¶ 68.

Since 1978, the HOA has permitted numerous alterations and modifications to the Parkland Airport. *Id.* ¶ 74. Some of these modifications include: changing runway length and width, changing runway surface types, permitting construction that restricts line of sight minimums on runways, modifying and adding landing aids, and changing the proximity of runway and taxiway surfaces to the public access road. *Id.* ¶ 74(a–i).

There is no record of any additional 7480-1 Forms filed by the HOA with the FAA since the determination on December 5, 1978. *Id.* ¶ 71. Parkland Airport is an airport within the definitions contained in Part 157 and is subject to the rules and regulations promulgated thereunder by the FAA. *Id.* ¶ 72. Parkland Airport also falls under the definition of "planned or proposed airport" for which notice of construction or alteration must be reported to the FAA under Part 157. *Id.* ¶ 73.

A dispute arose regarding the use of Taxiway E, which is partially owned by Plaintiffs, as an unrestricted runway. *Id.* ¶¶ 76–90. After numerous complaints, the HOA advised its members that it was an emergency landing strip only. *Id.* ¶¶ 79, 90. But the HOA's leadership changed and in 2017, the HOA made alterations and changes on Taxiway E without submitting a 7480-1 Form to the FAA. *Id.* ¶¶ 90–91. Plaintiffs contacted the Denver Flight Standards District Office ("FSDO") to voice their concerns about safety and the changes to Taxiway E. *Id.* ¶ 93. FAA representatives from the Denver FSDO advised Plaintiffs that the FAA's enforcement arm was concerned about airspace safety issues caused by the new changes. *Id.* On September 14, 2017, the FAA Safety Team Program Manager and the FAA Airports District Office Manager advised Plaintiffs to direct the HOA to file the required 7480-1 Form regarding the changes. *Id.* ¶ 94. Plaintiffs provided written notice of these violations of FAA rules and regulations to the HOA. *Id.* ¶ 98.

Plaintiffs demanded that the HOA report changes to the FAA, but the HOA refused. *Id.* ¶¶ 98, 100. The HOA's refusal to comply with the federal law will expose Plaintiffs and other members of the HOA to civil enforcement action, monetary penalties, and restrictions on property use that contravene the property's intended purpose as an airport. *Id.* ¶ 106.

## II. Procedural History

Plaintiffs filed their complaint and request for relief on April 6, 2018. ECF No. 1. On June 5, Defendant filed this motion to dismiss. ECF No. 11. Plaintiffs filed a response on July 2. ECF No. 24. On July 6, Defendant filed a reply. ECF No. 25.

## LEGAL STANDARD

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) dismissal is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.* (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)). Any such dismissal is without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). A Rule 12(b)(1) motion to dismiss must be determined from the factual allegations in the complaint, without regard to mere conclusory allegations of jurisdiction. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). Accordingly, Plaintiffs bear the burden of establishing that this Court has jurisdiction to hear their claims.

## ANALYSIS

Plaintiffs assert that this Court has federal question jurisdiction over their claims under 28 U.S.C. § 1331, invoking the Declaratory Judgment Act, 28 U.S.C. § 2201, for both causes of action. Compl. ¶¶ 6, 107–14. Plaintiffs have not properly established jurisdiction. As explained below, the Declaratory Judgment Act is not an independent source of jurisdiction. Furthermore, declaratory judgment is improper when a statute does not provide a private right of action. This

case turns on whether FAA regulations confer a private right of action. I conclude they do not, so I must dismiss the claims.

The Declaratory Judgment Act states that a court "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Congress designed the Act to "enlarge[] the range of remedies available in the federal courts but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Specifically, "the Declaratory Judgments Act is not an independent source of federal jurisdiction." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960); *see also Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (same). The availability of declaratory judgment as relief "presupposes the existence of a judicially remediable right." *Schilling*, 363 U.S. at 677. The Act is purely "procedural and does not create a substantive cause of action." *Exec. Risk Indem. Inc. v. Sprint Corp.*, 282 F. Supp. 2d 1196, 1202 (D. Kan. 2003); *see also Skelly Oil*, 339 U.S. at 671 (confirming the Act is only procedural).

Numerous federal courts, including in this Circuit, have determined that it would be improper to allow a plaintiff to proceed in a declaratory judgment action when a statute does not provide a private right of action. *See, e.g., Sorensen v. Polukoff*, No. 2:18-CV-67-TS, 2018 WL 2012738, at *6 (D. Utah Apr. 30, 2018) (dismissing a declaratory judgment claim because the HIPAA did not provide a private right of action); *see also Tex. Med. Ass'n v. Aetna Life Ins. Co.*, 80 F.3d 153, 158–59 (5th Cir. 1996) (holding plaintiff was not entitled to declaratory judgment under the state declaratory judgment act when regulations did not allow a private right of action); *Walker v. Fed. Land Bank of St. Louis*, 726 F. Supp. 211, 217 (C.D. Ill. 1989) (finding no private

6

right of action in a federal act, the Agricultural Credit Act of 1987, and thus no power to render any declaratory judgment). Indeed, the Tenth Circuit has upheld a district court's dismissal of a declaratory judgment claim for lack of subject matter jurisdiction when the federal statute in question (the Paperwork Reduction Act) did not authorize a private right of action but instead created a defense. *See Springer v. I.R.S. ex rel. U.S.*, 231 F. App'x 793, 797 (10th Cir. 2007).

Relevant here, "[t]he Supreme Court has stressed that 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'" *Univ. of Colo. Hosp. v. Denver Publ'g Co.*, 340 F. Supp. 2d 1142, 1143 (D. Colo. 2004) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). Rather, "private rights of action to enforce federal law must be created by Congress." *Id.* (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). The upshot is simple: if FAA regulations do not confer a private right of action, then this Court does not have jurisdiction over Plaintiffs' claims.

The private right of action test, although formerly four factors, has been "effectively condensed into one—whether Congress expressly or by implication, intended to create a private cause of action." *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1267 (10th Cir. 2004) (quoting *Sonnenfeld v. City & Cty. of Denver*, 100 F.3d 744, 747 (10th Cir. 1996)); *see also Transam. Mortg. Advisors v. Lewis*, 444 U.S. 11, 15–16 (1979) (stating that the appropriate inquiry is "whether Congress intended to create the private remedy asserted"). The Supreme Court has summarized the current doctrine as follows:

> Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative.

7

> Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.

*Alexander*, 532 U.S. at 286–87 (internal citations and quotation marks omitted). Moreover, the Tenth Circuit has cautioned that a court "must exercise great caution in finding an implied right of action." *Davis–Warren Auctioneers, J.V. v. F.D.I.C.*, 215 F.3d 1159, 1162 (10th Cir. 2000). This district has further emphasized that "private rights of action to enforce federal law must be created by Congress." *Univ. of Colo. Hosp.*, 340 F. Supp. 2d at 1143 (quoting *Alexander*, 532 U.S. at 286).

Against this backdrop, I first consider whether the FAA creates an explicit cause of action. To make this determination, I "look to the statutory text for 'rights-creating' language." *Id.* (quoting *Love v. Delta Air Lines*, 310 F.3d 1347, 1352 (11th Cir. 2002)). Typically, rights-creating language is that "explicitly conferring a right directly on a class of persons that includes the plaintiff . . . or language identifying the class for whose especial benefit the statute was enacted." *Id.* (quoting *Love*, 310 F.3d at 1352). "Statutes that focus on the person regulated rather than the individuals protected create no implication of intent to confer rights on a particular class of persons." *Id.* (quoting *Alexander*, 532 U.S. at 289). Congress established the FAA by the passage of the Federal Aviation Act of 1958. Pub. L. No. 85–726, 72 Stat. 731 (codified as amended at 49 U.S.C. § 106(g) (2018)). Plaintiffs here seek a private right of action to enforce 14 C.F.R. § 157.5, specifically to compel Defendant to complete and submit a 7480-1 Form. The authority of that regulation stems from several FAA enacting laws. *See* 49 U.S.C. §§ 106(g), 40103, 40113, 44502; 14 C.F.R. § 157.5. Nothing contained in those FAA statutes or the accompanying regulation identifies a class of persons the regulation is intended to protect or provides a private remedy in the event of a violation. *See* 49 U.S.C. §§ 40103, 40113, 44502, 46101–507. The statute focuses

on the persons regulated rather than individuals protected and thus does not explicitly provide a private right of action; therefore, if a private right of action exists, it must be implied.

To find an implied right of action, I must examine "the statutory structure within which the provision in question is embedded." *Univ. of Colo. Hosp.*, 340 F. Supp. at 1144 (quoting *Love*, 310 F.3d at 1353). "If the statutory structure provides a discern[i]ble enforcement mechanism, I should not imply a private right of action." *Id.* Notably, "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Boswell*, 361 F.3d at 1269 (quoting *Alexander*, 532 U.S. at 290). The enforcement and penalties chapter of the FAA statute describes procedures to investigate, penalize, and conduct proceedings regarding its subsections. *See* 49 U.S.C. § 46101–507. Section 46101, for instance, allows a person to "file a complaint in writing with the Secretary of Transportation [or the Administrator thereof] about a person violating this part or a requirement prescribed under this part." *Id.* § 46101. In addition, one of the enforcement subsections states that "the Federal Aviation Administrator with respect to aviation safety duties and powers . . . may bring a civil action against a person in a district court of the United States to enforce this part or a requirement or regulation prescribed." *Id.* § 46106. In a different context, the Tenth Circuit interpreted that clause and held that FAA regulations involving drug testing do not confer a private right of action because congressional intent vested the FAA Administrator with the power to bring civil actions to enforce regulations. *See Schmeling v. NORDAM*, 97 F.3d 1336, 1344–45 (10th Cir. 1996). Although Plaintiffs seek to enforce a different FAA regulation, this case is similar to *Schmeling*. Since there is an expressed provision of one method—i.e., the FAA Administrator may bring civil actions to enforce regulations—this

9

Court must assume that Congress intended to preclude others. Thus, there is no implied private right of action to enforce the FAA regulation at issue here.

This holding is consistent with the position taken by most federal courts. When examining a different federal statute, the Tenth Circuit was persuaded in *Southwest Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1170 (10th Cir. 2001), by two cases from other circuits that found no private right of action under the FAA: (1) *Anderson v. USAir, Inc.*, 818 F.2d 49, 55 (D.C. Cir. 1987) (noting that "the Aviation Act establishes an extensive and detailed scheme of administrative enforcement complete with civil and criminal penalties, on-going regulation, and agency power to seek enforcement of the Act through injunctive relief" and holding that section 404(a) of the FAA does not create a private right of action); and (2) *Montauk–Caribbean Airways, Inc. v. Hope,* 784 F.2d 91, 97–98 (2d Cir. 1986) (holding that there is no private right of action under sections 1305 and 1349 of the Federal Aviation Act and directing appellant to "look to the administrative agency responsible for the enforcement of these provisions").

Other circuits also have concluded that FAA regulations contain no private right of action. *See, e.g., Ray v. Spirit Airlines, Inc.,* 767 F.3d 1220, 1224 (11th Cir. 2014) ("[T]he FAA [does] not provide a private right of action."); *Bonano v. E. Caribbean Airline Corp.,* 365 F.3d 81, 84–85 (1st Cir. 2004) (finding no private right of action after reasoning that the Federal Aviation Act is "regulatory in nature—and private rights of action should rarely be implied where a statute's core function is to furnish directives to a federal agency"); *Statland v. Am. Airlines, Inc.,* 998 F.2d 539, 540–41 (7th Cir. 1993) (finding that section 411(b) of the Federal Aviation Act, 49 U.S.C. § 1381(b), does not confer a private right of action). Likewise, other district courts have dismissed actions involving private enforcement of FAA regulations. *See, e.g., Yost v. US Airways, Inc.*, No.

11-CV-48-LM, 2011 WL 1655714, at *4 (D.N.H. May 2, 2011) (dismissing an action against an airline because the federal aviation regulation did not grant a private right of action); *Spinner v. Verbridge*, 125 F. Supp. 2d 45, 53 (E.D.N.Y. 2000) (finding that no private right of action exists under §§ 44711(a)(1) and (a)(2)(A) of the FAA).

Plaintiffs may have been aggrieved by Defendant's actions, but the claims alleged in their Complaint are not properly before this Court. There is neither an expressed nor an implied private right of action under the FAA, and Plaintiffs offer no other basis to confer jurisdiction upon this Court. This Court does not have subject matter jurisdiction to hear this case.

## **CONCLUSION**

Consequently, I **grant** Defendant's Motion to Dismiss [filed June 05, 2018, ECF No. 11], but on Rule 12(b)(1) grounds. Plaintiffs' claims are **dismissed without prejudice**.

Entered and dated at Denver, Colorado, this 15th day of November, 2018.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge